**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1781**

SUSAN LORRAINE DONALDSON,

                Plaintiff - Appellant,

     v.

BAYVIEW LOAN SERVICING, LLC,

                Intervenor/Defendant - Appellee,

     and

M&T BANK,

                Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:15-cv-00416-CCB)

Submitted: December 20, 2017                Decided: February 5, 2018

Before GREGORY, Chief Judge, and WILKINSON and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Douglas Burns, THE BURNS LAWFIRM, LLC, Greenbelt, Maryland, for Appellant. Kyle James Moulding, Steven Cammarata, MCCABE, WEISBERG, AND

CONWAY, LLC, Laurel, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susan Lorraine Donaldson filed a Chapter 13 bankruptcy petition in April 2014. She filed the underlying adversary proceeding seeking a declaration that would allow her to bifurcate the mortgage on her primary residence into a secured claim up to the appraised value and an unsecured claim on the remaining balance (i.e., a "cram-down"). Donaldson argued that, because the deed of trust provides for supplemental collateral in the form of escrow funds, insurance proceeds, and miscellaneous proceeds, these interests are not "real property" within the meaning of 11 U.S.C. § 1322(b)(2) (2012). The bankruptcy court disagreed and granted Bayview Loan Servicing, LLC's motion to dismiss. The district court affirmed the bankruptcy court's order and Donaldson appealed to this court.

In light of our decision in *Birmingham v. PNC Bank, N.A.*, 846 F.3d 88 (4th Cir. 2017), *cert. denied*, 2017 WL 2855127 (U.S. Nov. 27, 2017), we affirm the district court's order. In *Birmingham*, we held that the assignment to the lender in the deed of trust of "[e]scrow funds, insurance proceeds, and miscellaneous proceeds [does] not constitute additional collateral," within the meaning of § 1322(b)(2). *Id.* at 99. Based on our reasoning in *Birmingham*, we affirm the district court's order affirming the bankruptcy court's order dismissing Donaldson's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*